The plaintiff is the administrator of Mrs. Mary Taylor, who died in 1848 at the advanced age of 90. He alleges that for the last five or six years of her life his intestate had entirely lost her intellect, and was incapable of making a valid contract; or, at all events, her mind had become very feeble, so as to render her easily influenced, liable to be imposed on, and an easy prey to any one who chose to take advantage of her *Page 32 
weakness; that in 1844 the defendant, by fraud, circumvention, and undue influence, procured his intestate to execute a deed by which she conveyed to him, absolutely, all of her personal estate; that his intestate left her surviving a daughter and several grandchildren, among whom are the plaintiff and defendant, who are brothers, and made no provision for any of them, except the defendant by the deed aforesaid. The prayer is that the deed may be declared void and surrendered up to be canceled.
The defendant admits the execution of the deed. He denies that his grandmother had entirely lost her intellect, but he admits that her mind was quite feeble from old age. He alleges that she executed the deed voluntarily and with a full knowledge of its contents, and denies that any fraud, circumvention, or advantage was used to obtain its execution. He had the deed registered soon after it was executed, took (27) possession of the property, and supported the old lady for the rest of her life.
Many depositions were read on the hearing. We are satisfied that Mrs. Taylor had mental capacity to make a deed, but she was very feeble, both in body and in mind, and was in a condition to be easily imposed on.
There is no proof that any fraud or circumvention was used, or any advantage taken of the old lady. The donee was her grandson; she executed the deed voluntarily and surrendered the possession of the property; the deed was registered; and she lived four years afterwards, during which time she made no complaint of having been imposed on, and expressed no wish to have the deed set aside. Indeed, it appears that the deed makes nearly the same disposition of her property that she had made by a will executed the year before.
Fair argument and persuasion may be used to obtain the execution of a deed or will. There is no evidence in this case that any advantage was taken or any undue influence exercised. The plaintiff fails entirely to make out a ground to assail a will, much less a deed.
PER CURIAM. Bill dismissed with costs.
Cited: Deaton v. Monroe, 57 N.C. 43; Futrill v. Futrill, 59 N.C. 340;In re Craven, 169 N.C. 569. *Page 33